UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| DANIEL GIANNINI, | |
| Petitioner, | Civil Action No. 5:10-00049-JMH |
| v. | |
| DEBORAH A. HICKEY, | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

\*\*\*\*\*    \*\*\*\*\*    \*\*\*\*\*    \*\*\*\*\*

Daniel Giannini ("Giannini") is incarcerated in the Federal Medical Center-Lexington ("FMC-Lexington") which is located in Lexington, Kentucky. Giannini has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and has named Deborah Hickey ("Hickey"), the Warden of FMC-Lexington, as the respondent. R. 2. Giannini has paid the $5.00 filing fee and the matter is ripe for disposition.

Giannini asks this Court to direct the BOP to administer to him the Phase One examination of the Residential Drug Abuse Program ("RDAP"), and to order the BOP to place him in Phase Two of the RDAP if he passes the Phase One examination.[1] Additionally, he asks this Court to determine that the BOP violated his right to due process of law when it failed to give him a hearing within seven days of placing him the Segregated Housing Unit ("SHU").

---

[1] The RDAP is a program through which certain federal inmates receive various incentives for involvement in drug abuse treatment programs. 28 C.F.R. § 550.57. The BOP has discretion to allow an inmate a sentence reduction of up to one year if the inmate was convicted of a nonviolent offense and has successfully completed a substance abuse treatment program. 18 U.S.C. § 3621(e)(2)(B).

Finally, Giannini asks this Court to direct the BOP to reduce the term of his sentence by three months. He claims that had he been allowed to complete the RDAP without interference or adverse decisions by prison staff, he would have received the three-month reduction.

In addition to his § 2241 petition, Giannini filed three motions seeking the following relief: (1) an emergency injunction to allow him to proceed into Phase Two of the RDAP and to award him a three-month sentence reduction, R. 3; (2) consolidation of this proceeding with another habeas proceeding which he had filed in district court in Minnesota in 2009, R. 4; and (3) the appointment of counsel, R. 5.

For the reasons set forth below, the Court will deny Giannini's § 2241 petition without prejudice; deny his motion to consolidate; and deny his motion for appointment of counsel. By separate Order the Court will address Giannini's motion for emergency injunctive relief.

## GIANNINI'S CRIMINAL CONVICTION

On October 16, 2008, Giannini was convicted of wire fraud in the United States District Court in the Eastern District of Wisconsin. *See United States v. Giannini*, No. 2:07-00109 (E. D. Wis., 2007) ("the Trial Court"). He was sentenced to a 30-month term of imprisonment, followed by three years of supervised release. As part of the Judgment and Commitment Order, the Trial Court recommended that Giannini participate in a 500-hour drug treatment program. *Id.*, R. 52, p. 2. Giannini was designated to FMC-Rochester, Minnesota ("FMC-Rochester") and self-surrendered there on February 5, 2009. In late 2009, he was transferred to FMC-Lexington. According to "Inmate Locator" feature of the BOP's website, www.bop.gov,Giannini has a projected release date of April 7, 2011, via good conduct time.

## THE MINNESOTA § 2241 PROCEEDING

While confined in FMC-Rochester, Giannini filed a § 2241 habeas petition in the district court in Minnesota. *See Giannini v. Federal Bureau of Prisons*, No. 09-1166 (D. Minn., 2009) ("the Minnesota § 2241 Proceeding"). Giannini alleged that between February of 2009 and October of 2009, the BOP unduly delayed its decision to admit him into the RDAP; that the regulations and Program Statements upon which the BOP relied in calculating early release for prisoners with relatively short sentences (like his) are unconstitutional; and that he should be awarded a reduction in his sentence commensurate with what he would have received had be been allowed to participate in the RDAP earlier. Just as he did in the instant proceeding, Giannini filed motions in the Minnesota § 2241 Proceeding demanding "emergency" or preliminary injunctive relief and the appointment of counsel.

On February 12, 2010, Magistrate Judge Janie S. Mayeron entered a Report and Recommendation ("R & R"), recommending the dismissal of the Minnesota § 2241 Proceeding. *Id*., R. 14. On March 1, 2010, Giannini filed a motion requesting additional time in which to file objections to the R & R. *Id*., R. 15. As of the date of entry of this Order, the Minnesota § 2241 Proceeding is still pending.

## ALLEGATIONS OF THE PETITION

The following is a summary of the allegations contained in the § 2241 petition which Giannini filed in this Court, R. 2. On October 19, 2009, Giannini began participating in the RDAP at FMC-Lexington. He claims that on October 28, 2009, he was threatened by his cell-mate, another RDAP participant. He reported the threat but nothing happened as a result.

Giannini claims that on November 18, 2009, his cell-mate again threatened him, but that this time he (Giannini) was placed in SHU, which he describes as being in "protective custody."

While in SHU, Giannini notified the Captain, RDAP Staff, and all three members of his Unit Team (Unit Manager, Case Manager and Counselor) that he had been placed in SHU for protective reasons and not because of any wrongdoing. Giannini asked that any investigation of his dispute with him roommate be conducted expeditiously because his absence from the RDAP for more than ten days would result in his expulsion from the RDAP, which would in turn result in him losing his three-month sentence reduction.

Giannini was released from SHU on December 8, 2009, but by that time he had missed thirteen days of RDAP instruction. The BOP informed him that he had been "set back" and would be required to start the RDAP course anew. According to Giannini, this decision "resulted in Petitioner losing 3 months of sentence reduction." *Id.*, p. 4.

On December 14, 2009, Giannini filed a BP-9 "Request for Administrative Remedy." *See* BP-9 "Request," R. 2-1, pp. 3-8. Giannini complained that the BOP had unnecessarily delayed its decision permitting him to participate in the RDAP in late 2009; that after the issue arose with his cell-mate, the BOP should not have confined him in SHU for more than seven days without a hearing; and that his extended SHU confinement violated Program Statement 5270.07 and 28 C.F.R. § 541.23(b). He claimed that as result of his prolonged confinement in SHU, he was put in "set back" status in the RDAP, and that his resulting delay in completing the RDAP would cause him to serve an additional three months on his sentence. Giannini asked to withdraw from the RDAP; enroll in the Non-Residential Drug Abuse Program; and to be placed in a Residential Re-entry Center ("RRC") for nine months.

4

On December 21, 2009, Hickey denied Giannini's BP-9 "Request," concluding that Giannini's SHU confinement did not violate his Fifth Amendment due process rights. *Id*., p. 9. Her reasons were as follows: staff had followed BOP policy regarding RDAP applicants with documented substance abuse problems; Giannini had been placed in SHU pending further review of his allegations against another inmate; staff had thoroughly and timely addressed his claim that his cell-mate had threatened him; and Giannini had recently "demonstrated the problematic behavior of accepting an item of value from another inmate." *Id*. Hickey disputed Giannini's claim that he had ever been a "protective custody" inmate, clarifying that he had not been investigated by Special Investigative Services. *Id*.

Hickey further explained that the RDAP is a voluntary program; that Giannini could withdraw at any time; but that if he withdrew, he would not be permitted to live in the residential drug treatment unit. Although Giannini would be put on the list for the Non-Residential Drug Abuse Program, there was no guarantee that he would be selected or that he would be placed in an RRC. Finally, Hickey advised that any RRC placement decision would be contingent on Giannini meeting various criteria, including actual completion of drug treatment programs.

On January 20, 2010, Giannini filed a BP-10 appeal to the BOP Mid-Atlantic Regional Office ("MARO"). According to Giannini, "That matter is still pending." R. 2, p. 5.

Giannini filed the instant § 2241 petition on February 11, 2010. He alleges that the BOP violated his right to due process of law by impairing his ability to complete the RDAP without delay; that the decision to confine him in SHU for several days prevented him from completing the RDAP, and that his federal sentence has been unnecessarily extended by an additional three months. Giannini asks this Court to direct the BOP reinstate him in the RDAP as if he had not

5

been "set back"; to reduce his sentence by three months; or to allow him to serve his sentence in halfway house or another facility less restrictive than prison.

Giannini claims that it would be fruitless for him to complete the administrative remedy process because "rarely does the administrative remedy process result in a resolution of the issue." *Id.*, p. 7. Giannini argues that the November 18, 2009 "Administrative Detention Order" verifies that he was placed in SHU under a "protective status" designation. R. 2-1, p. 1. Additionally, he claims that he should not be required to exhaust any further because Hickey misrepresented facts by refusing to acknowledge that he was placed in SHU under "protective custody," despite documentation to the contrary.

## DISCUSSION
### 1. Failure to Exhaust Claims

Federal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241. *Fazzini v. Northeast Ohio Corr. Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 953-54, (6th Cir. 1981).

Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request (a BP-9 form) to the Warden. *See id*. § 542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal by filing a BP-10 form with the Regional Director, and if the inmate is not satisfied with the Regional Director's response, he may appeal by filing a BP-11 form with the Office of General Counsel. *See id*. § 542.15 (a)-(b).

This Court, and other courts in this circuit, have concluded that a federal prisoner's failure to pursue the three-step administrative remedy process concerning RDAP issues

6

precludes judicial review of their § 2241 petitions. *See Newsome v. Cauley*, No. 09-79, 2009 WL 3190410, at *4 (E.D. Ky. September 30, 2009) (dismissing unexhausted claims regarding RDAP eligibility as premature absent exhaustion and denying request for injunctive relief); *Bey v. Pearson*, No. 06-02491, 2007 WL 148775, at *2 (W.D. Tenn. January 9, 2007) (rejecting Bey's request for expedited consideration of his unexhausted claim demanding early release after completing the RDAP); *Ginn v. DeWalt*, No. 06-294, 2006 WL 2850456, at *2 (E.D. Ky. October 3, 2006) (same); and *Saad v. Federal Bureau of Prisons*, No. 06-15487, 2006 WL 3858391, at *1 (E.D. Mich. December 29, 2006) (dismissing for prisoner's failure to exhaust his claims regarding his eligibility to participate in the RDAP).

Here, Gianni admits that he filed the instant § 2241 petition prior to completing the administrative remedy process, claiming that doing so is futile and that his abandonment of the process is justified. Giannini's conclusory allegation of futility does not excuse his failure to await a response from the MARO and, if necessary, file a BP-11 appeal with the BOP Central Office. Giannini has only partially attempted to exhaust his administrative remedies as to the terms of his continued participation in the RDAP; his claim that he was entitled to a hearing after being confined in SHU for more than seven days; and his demand for a sentence reduction.[2]

---

[2] Giannini refers to his three-month sentence reduction is if it were a given outcome. Even If Giannini fully exhausts his claims regarding the RDAP, or the impact of the "set back" determination on his sentence, he would most likely not be implicating a constitutionally protected liberty interest, barring additional information. This is because he has no constitutionally guaranteed right to a reduction of his sentence, either for three months or for any other term. The BOP may exclude inmates from early release categorically or on a case-by-case basis. *See also Orr v. Hawk*, 156 F.3d 651, 652 -53 (6th Cir. 1998) ("Nothing in the statute [18 U.S.C. § 3621(e)(2)(B)] requires the BOP to grant early release to any eligible prisoner. Thus, it suggests that the agency has substantial discretion in its decision making."); *Sesi v. United States Bureau of Prisons,* 238 F.3d 423, 2000 WL 1827950, at *2 (6th Cir. December 7, 2000) (Table) (even if an inmate completed the RDAP, the BOP was not required to grant him early release); and *Smith v. Sniezak*, No. 07-0366, 2007 WL 642017 (N.D. Ohio February 27, 2007) (removal from RDAP program did not violate

Given the admitted lack of complete exhaustion as to any claim, Giannini's § 2241 petition is premature. He may file another § 2241 after he has fully administratively exhausted his various claims, but he is not entitled to relief in this proceeding. The instant § 2241 petition will be denied and this proceeding will be dismissed without prejudice.

2. Consolidation of § 2241 Proceedings and Appointment of Counsel

The § 2241 petition which Giannini has filed in this Court will be denied. Therefore, there is no reason to consider either: (1) consolidating the instant proceeding, which will be dismissed without prejudice, with the Minnesota § 2241 Proceeding, which has been recommended for dismissal,[3] or (2) granting Giannini's motion for appointment of counsel. Both of those motions will be denied.

CONCLUSION

Accordingly, **IT IS ORDERED**

(1)  Giannini's § 2241 petition for Writ of Habeas Corpus, R. 2, is **DENIED**.

(2)  Giannini's "Motion to Consolidate Case No. 09-1166 (D. Minn.) with Subject Case" R. 4, is **DENIED**.

---

prisoner's Fifth or Eighth Amendment rights, thus no liberty interest existed which would have allowed him to remain in RDAP).

[3] Magistrate Judge Mayeron's thirty-six page R & R is a detailed and comprehensive treatise disposing of Giannini's claims. First, she determined that Giannini's demand to be placed in a facility which had an RDAP became moot by his transfer to FMC-Lexington. R. 14, p. 17. Second, she determined that under §18 U.S.C. § 3621(e) and relevant case law, Giannini had no constitutionally protected right to, or liberty interest in, time deducted from his sentence or in halfway house placement, and that such decisions are left to the discretion of the BOP. *Id.*, pp. 18-20. Third, she concluded that 28 C.F.R. § 550.55(c)(2) and BOP Program Statement 5331.02, through which the BOP determines individual sentence reduction beginning with a 30-month sentence or less, and increasing the amount of early release proportionally for longer sentences, provides a rational means of calculating sentence reduction; are both reasonable interpretations of § 3621; and comply with the Administrative Procedure Act, 5 U.S.C. § 553. *Id.*, pp. 24-28.

(3)     Giannini's "Motion to Appoint Counsel," R. 5, is **DENIED**.

(4)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of Hickey, the named respondent.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge